IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES WILLIAM KING, III | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AMD-05-1278 |
| DIVISION OF CORRECTION STATE OF MARYLAND HEADQUARTER; CENTRAL BOOKING INTAKE CENTER; COURTNEY ROBINSON; and OFF. OF COURT COMMISSIONER | : : : | |
| Defendants | : | |

...o0o...

MEMORANDUM

This civil rights action was filed on Mary 11, 2005, together with a Motion to Proceed In Forma Pauperis. The complaint appears to address two separate concerns. First, plaintiff alleges he was assaulted by another inmate while he was incarcerated at Central Booking Intake Center ("CBIC"). Plaintiff does not, however, include any assertions against any correctional personnel with respect to the assault that occurred at CBIC. Second, plaintiff makes vague allegations, the exact meaning of which cannot be discerned, concerning information he claims to know regarding a terrorist attack. No cause of action is stated by plaintiff's assertions regarding a terrorist attack, and that portion of his complaint shall be dismissed.

The only individual as a defendant is Courtney Robinson, the inmate who allegedly assaulted plaintiff. A violation of civil rights, however, must be asserted against a state actor. Specifically, the person charged with the civil rights violation must be: a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. An inmate committing an assault on another

inmate is not involved in official conduct, nor is the conduct, without more, attributable to a state official.[1]

Also pending is correspondence from plaintiff requesting a review of a previous order barring his entrance into the United States Courthouse in Baltimore. The letter has been construed as a motion for review of court bar.  Paper No. 3.

On October 3, 2001, this court issued an order barring plaintiff from entering the courthouse based on plaintiff's repeated disruption to the clerk's office as well as his repeated verbal abuse of courthouse staff.  *See King v. Division of Correction*, Civil Action No. AMD-01-22 (D. Md. 2001) at Paper No. 66.   In that order, this court specified that plaintiff would not be permitted to enter the courthouse or attempt to communicate with any court staff by telephone or any other method aside from written documents.[2] *Id*. In spite of the requirements of that order, plaintiff continues to telephone judges of this court incessantly, leaving lengthy voice mails. In light of plaintiff's continued defiance of the order barring him from telephoning members of this court, and his failure to show good cause to amend the order, the motion shall be denied.

A separate order follows.


Filed: June 7, 2005                                    ___/s/_____
                                                       Andre M. Davis
                                                       United States District Judge

---

[1] The remaining three defendants are not "persons" within the meaning of 42 U.S.C. § 1983; accordingly, the complaint against those entities will be dismissed.

[2] Plaintiff could, however, petition the court by mailing pleadings to the courthouse or placing pleadings in the courthouse drop box.